**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-281-KDB-DCK**

| | |
|---|---|
| ANTHONY SUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIOMET, INC.; BIOMET | ) |
| ORTHOPEDICS, LLC; and BIOMET U.S. | ) |
| RECONSTRUCTION, LLC; | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

The parties have stipulated to the entry of this Protective Order in regard to certain discovery material to be made available Biomet, Inc., Biomet Orthopedics, LLC, and Biomet U.S. Reconstruction, LLC (collectively, "Biomet" or "Defendants") and by the Plaintiff Anthony Suber ("Plaintiff"). This discovery material could include trade secrets and confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Biomet and/or related corporate entities and/or documents which may contain information that is personal and confidential to the Plaintiff and/or third parties, including, but not limited to, protected health information of the Plaintiff and/or of individuals not a party to this litigation. The parties agree that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. Those persons involved in this litigation include the parties, the attorneys for the parties, their staff, and the experts retained as consulting or testifying experts.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the following Protective Order ("Order") shall govern discovery in the above-captioned matter, as follows:

1. The following definitions shall apply to this Order:

(a) The term "document" means all written, recorded, electronically stored, or graphic material produced or created by a party or any other person, whether produced pursuant to the discovery request, the Federal Rules of Civil Procedure, this Court's Local Rules, subpoena, by agreement, or otherwise.

(b) A "stamped confidential document" means any all information, including electronically stored information, graphic material, documents, and things, subject to discovery in this action, which bears the legend (or which shall otherwise have had the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" to signify that it contains information subject to protection under the Federal Rules of Civil Procedure, this Court's Local Rules, and any Order entered by this Court, or federal or state statute or regulation. Other materials such as interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection also may be accorded status as stamped confidential documents by being designated as Confidential, subject to this Protective Order, without the necessity of the confidentiality legend.

(c) The term "competitor" means any manufacturer or seller of artificial and/or replacement hip and/or knee devices, other than the named defendants, distributors of Biomet products, or physicians implanting Biomet products.

2. Any party to this litigation and any third-party shall have the right to designate as stamped confidential documents and/or confidential material subject to this Order any information, including electronically stored information, graphic material, document, or thing, or portion of any document or thing that contains: (a) trade secrets, competitively sensitive technical, marketing, licensing, research and development, financial, sales or other proprietary or confidential business information; (b) private or confidential personal information, including protected health information; or (c) information that the producing party otherwise believes in good faith to be entitled to protection under the Federal Rules of Civil Procedure, this Court's Local Rules, or any Order entered by this Court.

3. Stamped confidential documents or the information contained therein, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain confidential. Stamped confidential documents or the information contained therein shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for discovery, motion practice, and/or the trial of this litigation. Documents produced in this litigation as stamped confidential documents or the information contained therein may not be shared with any party, person or attorney for use in any other action, lawsuit or other legal proceeding in any state or federal court.

4. Notwithstanding paragraph 3, stamped confidential documents and other confidential materials may be disclosed to the parties to this litigation; counsel of record for the parties to this litigation; the partners, associates, secretaries, paralegal assistants, and employees

of counsel of record to the extent reasonably necessary to render professional services in this litigation; to persons with prior knowledge of the documents or the confidential information contained therein; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

    (a)    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    (b)    to persons noticed for depositions or designated as trial witnesses in this litigation to the extent reasonably necessary in preparing to testify, and to outside consultants or experts retained for the purpose of assisting counsel in the litigation, so long as such persons are not current employees of, Defendants' competitors; to arbitrators, mediators, or other third party alternative dispute resolution individual or firm, and their employees and/or staff, but only for purposes of a scheduled arbitration, mediation or other alternative dispute resolution proceeding, mutually agreed to by the parties;  Each person to whom disclosure is made pursuant to this paragraph must sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit A.  That Agreement shall then be returned to counsel who shall retain any such Agreements during the pendency of the litigation.

5.    If either party concludes that it is necessary in the course of the pending litigation to make available to or communicate items or information designated and/or identified as stamped confidential documents or other confidential materials to persons other than those described in paragraph 4, above, counsel for the party shall submit a written request for additional disclosures to counsel for the designating party.  The written request for additional disclosure shall contain the

name of the person to whom additional disclosure is desired, shall identify specifically the material in question, and shall provide a statement of the reasons why it is necessary to make the disclosure. Counsel for the designating party may respond in writing to the written request for additional disclosure with twenty (20) business days of receipt of the written request. Failure to respond to the party's written request within the twenty (20) day period does not constitute a waiver of the designating party's confidential designation, and instead operates as a denial of the other party's request for additional disclosure. If counsel for the designating party does not agree that disclosure may be made, counsel for the requesting party may seek an order from this Court to permit the additional disclosure. Unless and until there is a decision by the Court to authorize the additional disclosure, the parties shall continue to limit their disclosure to those persons described in subparagraph 4, above.

6.  Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this litigation. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

7.  Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents or other confidential materials that it has produced.

8.  Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

9.  Stamped confidential documents and confidential materials included as part of any pleading or memorandum shall be filed under seal, so as to not be disclosed or disseminated to the

public, in accordance with the Court's rules, the Federal Rules of Civil Procedure, or any Order entered by this Court, and any procedures and/or orders issued by the Court.

10. Persons with knowledge, including persons affiliated with Defendants, physicians, distributors, and experts, may be deposed regarding stamped confidential documents, other confidential materials, or the subject matter thereof. Only the parties and persons described in paragraph 4, including the court reporter and the witness, shall be present at such depositions. Transcript portions of said depositions that quote, summarize, or contain materials entitled to protection shall be treated as confidential documents in accordance with this Order. For depositions that occur in this matter, if any, from the date of this Order forward, either at the deposition or within thirty days after the court reporter has made a version of the deposition available, the designating party shall by page and line identify the portions of the deposition that it claims are confidential under this Order. In the event that another party disagrees with a party's designation of any deposition portion as confidential, the objecting party shall advise counsel for the designating party in writing or orally on the record during the course of the deposition. If a party objects to the designation of any deposition portion as confidential, the parties shall meet and confer in good faith concerning the confidential designation. If the parties are unable to resolve the dispute over a confidential designation through the meet and confer process, the designating party shall present the dispute to the Court for final determination within 30 days of a final meet and confer communication between the parties regarding the confidential designation dispute. Failure of the designating party to present the dispute to the Court within 30 days of a final meet and confer on the dispute over the confidential designation constitutes waiver. During the pendency of any such motion, the designated deposition portion shall continue to be treated as a confidential document and subject to the provisions of this Order. On the hearing of any such

motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential.

11. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential documents, or other confidential materials, whether as part of a document or deposition testimony, nothing in this order shall prohibit Biomet from asking the Court to preserve the confidentiality of that stamped confidential document, or other confidential materials, as the Court deems appropriate. In the event that another party disagrees with a party's designation of any document, materials, or information as confidential, the objecting party shall advise counsel for the designating party, in writing, or orally on the record during the course of a deposition, of the objection and identify the document, materials, or item with sufficient specificity to permit identification. Within twenty (20) days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document, material, or item. The parties agree that they will meet and confer in good faith concerning the confidential designation in an attempt to resolve the issue without court intervention. If this cannot be resolved between the parties, then the designating party shall present the dispute to the Court for final determination within 20 days of a final meet and confer communication between the parties regarding the confidential designation dispute. Failure of the designating party to present the dispute to the Court within 20 days of a final meet and confer on the dispute over the confidential designation constitutes waiver. During the pendency of any such dispute and motion, the designated document or item shall continue to be treated as a stamped confidential document, or confidential material, and subject to the provisions of this Order. On the hearing of any such motion, the burden shall

be on the designating party to establish that the designated document or item should be deemed confidential.

12. If another court or an administrative agency subpoenas or orders production of stamped confidential documents or other confidential materials which a party has obtained under the terms of this Order, such party shall promptly notify all parties to this litigation and/or any and all interested persons of such subpoena, order or other legal process. No person and/or party shall produce any stamped confidential documents or confidential materials unless and until: (1) the party designating confidentiality of the stamped confidential documents and confidential materials agrees to the disclosure pursuant to the subpoena or order requesting disclosure; or (2) until all process and/or challenges to the subpoena and/or order requiring the production of stamped confidential documents or confidential materials has been completed and/or resolved, including any appeals regarding the same. Disclosure of any stamped confidential documents or confidential materials in any other lawsuit, action and/or proceeding, pursuant to another court or an administrative agency subpoena or order, does not constitute a waiver of the confidential designation of such documents or materials for purposes of this litigation, and the parties will accordingly still treat any and all stamped confidential documents as such, including adherence to all provisions of this Order.

13. The attorneys of record are responsible for employing reasonable measures to ensure that the provisions of this order are not abused and are exercised in good faith. If a producing party inadvertently or unintentionally produces to a receiving party any document or information without marking it as a stamped confidential document or designating it confidential pursuant to this Order, the producing party shall, immediately upon discovery of the inadvertent production, give notice to the receiving party in writing with an explanation for the basis for the

error, provide a copy with the "confidential" stamp, and thereafter the receiving party shall treat the document as a confidential document, subject to the process outlined for challenging a confidential designation. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents, materials, and/or information disclosed or on the same or related subject matter.

14. If a producing party inadvertently or unintentionally produces to a receiving party any document or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the producing party shall, upon discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy

of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

15. The provisions of this Order shall not terminate at the conclusion of this litigation. Within 60 days after final conclusion of all aspects of this litigation including appeals, stamped confidential documents, all confidential materials, and all copies of same (other than exhibits of record) either shall be destroyed or returned to the producing party. In the event that stamped confidential documents or other confidential materials are produced in electronic form or are put into electronic form by the receiving party, then the receiving party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 90 days after final termination of this litigation.

16. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents and confidential materials including abstracts, portions, and summaries thereof.

17. The Clerk may return to counsel or destroy any stamped confidential documents or confidential materials in its possession.

18. It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents and other confidential materials in this litigation, the producing party shall be relying upon the terms and conditions of this Order.

For the Plaintiff:

/s/ *Walter Kelley*                     Date:   February 3, 2020
Brian Leighton Kinsley
CRUMLEY ROBERTS
2400 Freeman Mill Rd., Ste. 200
Greensboro, NC 27406
Telephone: 336-333-9899
Fax: 336-333-9894
blkinsley@crumleyroberts.com

Walter Kelley
BERNHEIM DOLINSKY KELLEY
Four Court Street
Plymouth, MA 02360
Telephone: 617-963-7995
Facsimile: 617-963-7996
walterkelley@duejustice.com


For Biomet, Inc., Biomet Orthopedics, LLC, and Biomet U.S. Reconstruction, LLC:

/s/ *Emily Dodane*                     Date: February 3, 2020

Paul J. Peralta
Kristen J. Kenley
MOORE & VAN ALLEN
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: 704-331-2449
Facsimile: 704-339-5869
paulperalta@mvalaw.com
kristenkenley@mvalaw.com

Matthew T. Albaugh
Emily T. Dodane
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
Telephone: 317-237-0300
Facsimile: 317-237-1000
matthew.albaugh@faegredrinker.com
emily.dodane@faegredrinker.com

**SO ORDERED**.

Signed: February 4, 2020

David C. Keesler
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-281-KDB-DCK**

| | |
|---|---|
| ANTHONY SUBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIOMET, INC.; BIOMET ORTHOPEDICS, LLC; and BIOMET U.S. RECONSTRUCTION, LLC; | ) ) ) ) |
| | ) |
| Defendants. | ) ) |

## CONFIDENTIALITY AGREEMENT

1. I acknowledge that I am about to receive confidential information supplied by _____.

2. I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which order has been provided to me. I understand the Protective Order and agree to abide by it.

3. I will not utilize any stamped confidential document or other confidential materials or information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4. I understand unauthorized disclosures of stamped confidential documents or confidential materials or their substance constitute contempt of court.

5. At the termination of this litigation, I will return all documents marked "CONFIDENTIAL," or "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER," as well as

any copies, summaries, portions, or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6. I submit to the jurisdiction of the United States District Court for the Western District of North Carolina as necessary to enforce the provisions of this Protective Order.

Dated: _____  _____
                                                                                  Signature

                                                                                  _____
                                                                                 Printed Name

                                                                                 _____
                                                                                 Address

                                                                                 _____
                                                                                 City, State, Zip

                                                                                 _____
                                                                                 Telephone Number